UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA YALDOO and
RAMZI YALDOO,

        Plaintiff,

                                    Case No. 09-CV-11359

vs.                              HON. GEORGE CARAM STEEH

HOMECOMINGS FINANCIAL, LLC, and
BANK OF AMERICA,

        Defendants.

_____/

## ORDER GRANTING DEFENDANT HOMECOMINGS FINANCIAL'S MOTION TO DISMISS OR SUMMARY JUDGMENT (# 11)

Defendant Homecomings Financial, L.L.C. moves for dismissal or summary judgment of plaintiffs Laura Yaldoo's and Ramzi Yaldoo's claims for an accounting, wrongful foreclosure, violation of 15 U.S.C. § 1639(b)(3) of the Truth in Lending Act ("TILA"), predatory lending, violations of the TILA, fraudulent misrepresentation, negligent misrepresentation, defamation of credit in violation of the Fair Credit Reporting Act ("FCRA"), rescission of notes and mortgages, reformation of notes and mortgages, violation of Michigan's Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), and usury. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument. For the reasons set forth below, Homecomings' motion will be GRANTED.

## I. Background

Plaintiffs, husband and wife, filed their thirteen-count complaint in Michigan's Oakland County Circuit Court on March 9, 2009, alleging Ramzi Yaldoo purchased the real property commonly known as 7311 Verona Drive, West Bloomfield, Michigan in 1988, and thereafter married Laura Yaldoo. Plaintiffs allege they owed $35,000.00 on their mortgage loan as of 1996, and obtained a $100,000.00 home equity line of credit from defendant Bank of America that same year. Plaintiffs continue that Laura Yaldoo thereafter obtained a $285,000.00 home loan from defendant Homecomings, at a time when the real property's value was greater than $600,000.00. Plaintiffs allege this $285,000.00 home loan was "improper" because Laura Yaldoo was unemployed. Plaintiffs allege that Homecomings has denied the existence of a written loan application, which plaintiffs believe contains false and fraudulent statements relative to Laura Yaldoo's ability to repay the loan. Plaintiffs allege Homecomings made the loan hoping that Laura Yaldoo would default on the loan, so that Homecomings would be able to foreclose on the property. Plaintiffs allege they were promised that the financing scheme used by the defendants was intended to be temporary, and that plaintiffs would be able to refinance or sell the property if they could not make the loan payments.

Plaintiffs continue by alleging that defendants and other mortgage lenders, brokers, and servicers systematically inflated the market values of real properties in order to lend more money and sell the mortgage loans on the mortgage-backed securities market. Defendants allegedly made an unknown number of mortgage loans to borrowers who were unable to repay the loans. Plaintiffs allege property values plummeted when these loans were placed into default. Plaintiffs allege that, as a result, the value of their West Bloomfield property suffered a precipitous decline, causing plaintiffs to owe significantly

more on their mortgage loans than the property is worth.  Plaintiffs allege defendants Homecomings and Bank of America refused to modify the terms of their loans.  Plaintiffs allege they are no longer able to make their mortgage payments, and cannot refinance the loans.

Defendants removed the lawsuit to federal court on April 9, 2009 based on federal question jurisdiction, 28 U.S.C. § 1332, over the plaintiffs' federal TILA and FCRA claims, and supplemental jurisdiction over the plaintiffs' state law claims.  28 U.S.C. § 1337.

## II. Standards of Review

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess whether the plaintiff has stated a claim upon which relief may be granted.  In making that assessment, the court must determine whether the plaintiffs' factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs' pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65).  In deciding a Rule 12(b)(6) motion, a district court may properly consider documents that are referred to in the complaint and central to the claim. Armengau v. Cline, 7 Fed. App'x. 336, 344 (6th Cir. 2001) (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

Federal Rule of Civil Procedure 56(c) empowers the court to render summary

3

judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  The evidence and all reasonable inferences must be construed in a light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  A party that is unable to present essential facts in opposing a motion for summary judgment may file a Rule 56(f) affidavit attesting to the specific reasons why it is unable to present those facts, and justifying either denial or a continuance of the motion. Fed. R. Civ. P. 56(f).

### III.  Documentary Evidence

In moving for dismissal and summary judgment, Homecomings proffers several documents related to the loan transaction referred to in the pleadings.  These documents include: a May 24, 2004 Homecomings Note of $280,000.00 executed by Laura Yaldoo,

4

and a May 24, 2004 Homecomings Rider executed by both Laura and Ramzi Yaldoo (Defendant's Exhibit 2); a May 24, 2004 Homecomings Mortgage executed by Laura and Ramzi Yaldoo as husband and wife, securing the $280,000.00 loan with the 7311 Verona Drive property, (Defendant's Exhibit 3); a May 24, 2004 HUD-1 Settlement Statement (Defendant's Exhibit 4); a Uniform Residential Loan Application signed by Laura Yaldoo (Defendant's Exhibit 5); a Verbal Verification of Employment form completed for Laura Yaldoo on May 13, 2004 (Defendant's Exhibit 6); a Federal Truth-In-Lending Disclosure Statement executed by Laura Yaldoo and Ramzi Yaldoo on May 24, 2004 (Defendant's Exhibit 7); a Notice of Right to Cancel signed by Laura Yaldoo and Ramzi Yaldoo on May 24, 2004 (Defendant's Exhibit 10); and an April 30, 2004, $361,000.00 appraisal of the 7311 Verona Drive property (Defendant's Exhibit 11). In opposing Homecomings' motion, plaintiffs do not dispute this documentary evidence, nor have plaintiffs filed a Rule 56(f) affidavit.

## IV. Analysis

### Count III - Violations of § 1639(b)(3) and § 1639(h) of the TILA

Plaintiffs allege in Count III that Homecomings violated § 1639(b)(3) by failing to modify the terms of their loan as plaintiffs are experiencing a bona fide emergency. 15 U.S.C. § 1639(b)(3) provides:

**(3) Modifications**

The [Board of Governors of the Federal Reserve System] may, if it finds that such action is necessary to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of rights created under this subsection, to the extent and under the circumstances set forth in those regulations.

Homecomings owed no duty to the plaintiffs under § 1639(b)(3). Homecomings is entitled

to dismissal or summary judgment of this claim as a matter of law.  <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548; <u>Amway Distributors</u>, 323 F.3d at 390.

Plaintiffs also allege in Count III that Homecomings violated 15 U.S.C. § 1639(h).

15 U.S.C. § 1639(h) provides:

**(h) Prohibition on extending credit without regard to payment ability of consumer**

A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title, based on the consumers' collateral without regard to the consumer's repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1602(aa) defines high risk loans which qualify under the Home Ownership and Equity Protection Act ("HOEPA") amendments to the TILA as "HOEPA loans."  "For those borrowers whose mortgages qualify as HOEPA loans, the creditor has an obligation to not extend credit [in violation of 15 U.S.C. § 1639]."  <u>In re Vincent</u>, 381 B.R. 564, 570 (Bankr. D. Mass. 2008).

Laura Yaldoo informed Homecomings in her Uniform Residential Loan Application that she was employed at Airtime Communication in Southfield, Michigan as its Operations Manager, had been employed in that position for 2 years, and had worked in the profession for 10 years.  Defendant's Exhibit 5.  Homecomings Associate Chris Perkins verified by phone with a person named "Ramsay/Owner" that Laura Yaldoo worked full-time as Airtime Communication's Operations Manager from April 20, 2002 through the May 13, 2004 date of verification.  <u>Id</u>.  Plaintiffs' argument that "Homecomings  granted Laura Yaldoo a $285,000.00 loan at a time when she was unemployed," Response Brief, at 8, is

unsupported, and contradicted by Homecomings' proffered evidence.  Plaintiffs have not proffered evidence that the Uniform Residential Loan Application signed by Laura Yaldoo, or the Verbal Verification of Employment, are not genuine.  Armengau, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).  Homecomings  is entitled to dismissal or summary judgment of plaintiffs' claims that Homecomings engaged in a pattern or practice of extending credit under HOEPA loans without regard to the consumer's ability to repay the loan.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390.  Homecomings is entitled to dismissal of Count III as a matter of law.  Id.

### Count V - Violations of the TILA

Plaintiffs allege in Count V that Homecomings violated the TILA by providing "false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction," that plaintiffs could not discover this violation because these disclosures were "withheld from Plaintiffs and if they existed at all, were seriously misleading," and that Homecomings "did not provide Plaintiffs with a Notice of Right to Cancel[.]"

15 U.S.C. § 1638(a) requires a creditor to disclose in a credit transaction other than "an open end credit plan" the amount financed and the finance charge expressed as an "annual percentage rate."  15 U.S.C. § 1635(a) requires a creditor to disclose a debtor's right to rescind a credit transaction involving a principal dwelling within three business days of the transaction.

Homecomings informed Laura Yaldoo in the Federal Truth-In-Lending Disclosure Statement she and Ramzi Yaldoo executed on May 24, 2004 that the annual interest rate was 5.264%, that her first 60 monthly payments would be $1,335.94, that her next monthly

7

payments would be $1,666.08, and that her last monthly payment would be $1667.11. Defendant's Exhibit 7.   The amount financed was disclosed in the document as $283,860.32. Id. Fees associated with the transaction were disclosed in the May 24, 2004 HUD-1 Settlement Statement signed by Laura Yaldoo.  Defendant's Exhibit 4.  Plaintiffs' allegation that these disclosures were "false" is conclusionary, and unsupported by the proffered documents, including the May 24, 2004 Note and Rider, and the May 24, 2004 Mortgage. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Armengau, 7 Fed. App'x. at 344.  Homecomings  is entitled to dismissal or summary judgment of plaintiffs' claims that Homecomings disclosed "false" or "misleading" interest rates, fees and monthly payments," or  withheld  such  disclosures  from  the  plaintiffs,  in  violation  of  15  U.S.C.  §  1638(a). Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390.

Laura Yaldoo and Ramzi Yaldoo executed a written Notice of Right to Cancel on May 24, 2004.  Defendant's Exhibit 10.  Plaintiffs have not proffered evidence that the document is not genuine. Armengau, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).  Indeed, plaintiffs do not address the issue in their response brief.  Homecomings  is entitled to dismissal or summary judgment of plaintiffs' claim that Homecomings did not provide them with a notice of right to cancel as required by 15 U.S.C. § 1635(a).  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390.

Plaintiffs' argument that Laura Yaldoo's loan was entitled to HOEPA protections pursuant to the reasoning of Hodges v. Swafford, 863 N.E.2d 881 (Ind. Ct. App. 2007) fails to address the absence of any TILA violations.  After examining a land contract transaction

and finding the transaction qualified as a "high cost loan" subject to HOEPA protections, the <u>Hodges</u> court affirmed the trial court's finding that the creditor was "liable for violations of TILA related to" the transaction. <u>Id</u>. at 891.  As set forth above, plaintiffs have failed to allege or proffer evidence that could support an actionable TILA violation.

Moreover, the <u>Hodges</u> court explained that the HOEPA amendment contains a provision that a loan is considered a "high cost loan" subject to HOEPA protection if "the <u>total points and fees</u> payable by the consumer <u>at or before closing</u> will exceed the greater of -(i) 8 percent of the total loan amount; or (ii) $400.00."  <u>Id</u>. at 888 (quoting 15 U.S.C. § 1602(aa)(1)(B)) (emphasis added).  The <u>Hodges</u> court went on to explain that total "points and fees" do not include "interest or the time price differential."  <u>Id</u>. at 889 (quoting 12 C.F.R. § 226.32(b)(1)).  As set forth in Homecomings' Reply Brief, and as supported by the proffered documentation, plaintiffs paid at best $11,672.84 in "total points and fees . . . at or before closing," well below 8% of the "total loan amount" of $283,860.32, an amount which properly excludes "interest or the time price differential."  To the extent <u>Hodges</u> held that the "total loan amount" includes the amount of interest payable "after closing" and during the entire loan period, this court disagrees based on the very statutory and regulatory language cited in <u>Hodges</u>.  Plaintiffs have not cited Sixth Circuit authority addressing the issue, and this court is not aware of any such precedent.  The court is not persuaded, as plaintiff argues, "that a trend is beginning whereby the total finance charge payable over the course of a mortgage loan qualifies as points and fees triggering HOEPA."  Plaintiffs' Response Brief, at 7.  Homecomings is entitled to dismissal of Count V as a matter of law.  <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548; <u>Amway Distributors</u>, 323 F.3d at 390.

**Counts VI and VII - Fraudulent and Negligent Misrepresentation**

Fraudulent misrepresentation requires proof of a false misrepresentation of fact made by the defendant knowing it was false, or made with reckless disregard for the truth. Bergen v. Baker, 264 Mich. App. 376, 382, 691 N.W.2d 770 (2004). Negligent misrepresentation requires proof that the defendant provided information without reasonable care to a plaintiff to whom a duty was owed. Law Offices of Lawrence J. Stockler, P.C. v. Rose, 174 Mich. App. 14, 33, 436 N.W.2d 70 (1989). Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). "If plaintiffs fail to allege facts in keeping with the particularity requirement of Rule 9(b), plaintiffs fail to state a claim on which relief may be granted under Rule 12(b)(6)." State of Michigan ex rel. Kelley v. McDonald Dairy Co., 905 F.Supp. 447, 450 (W.D. Mich. 1995).

Count VI, fraudulent misrepresentation, alleges that "Defendant" provided "false property value and payment disclosures," that "Defendant" made "false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were," and that "Defendants further knew or were reckless to the truth without knowledge that true property values were not reflective of the value of the loans being made[.]" Count VII, negligent misrepresentation, alleges that "Defendant prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiffs could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood."

To meet the particularity requirements of Rule 9(b), the plaintiff must "specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

10

fraudulent." <u>Frank v. Dana Corp.</u>, 547 F.3rd 564, 569-570 (6th Cir. 2008).  Plaintiffs' allegations in Counts VI and VII fail to meet these requirements.  The allegations constitute conclusionary recitations of the elements of fraudulent misrepresentation and negligent misrepresentation, and are thus insufficient to survive Homecomings' motion to dismiss. <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548; <u>McDonald Dairy Co.</u>, 905 F.Supp. at 450.

Morever, plaintiffs have not advanced evidence or argument refuting the independent April 30, 2004 appraisal of the 7311 Verona Drive property at $361,000.00, or the May 24, 2004 Federal Truth-In-Lending Disclosure Statement disclosing the annual percentage interest rate and monthly payment amounts.  Defendant's Exhibits 7, 11. <u>Armengau</u>, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).  Homecomings is entitled to dismissal of Counts VI and VII as a matter of law. <u>Id.</u>; <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548; <u>McDonald Dairy Co.</u>, 905 F.Supp. at 450; <u>Amway Distributors</u>, 323 F.3d at 390.

### Count VIII - Violation of the FCRA

Plaintiffs allege that, due to Homecomings' "fraud," "it is patently untrue that Plaintiffs defaulted on bona fide financial obligations[,] . . . [and that Homecomings] have made or will make derogatory reports on Plaintiffs' credit reports that are patently untrue."  The court has determined that plaintiffs have failed to allege an actionable claim of fraud.  Plaintiffs allege in their complaint that they "have now missed several mortgage payments, and can no longer afford to make payments," Complaint, ¶ 32, at 5, thus admitting they have defaulted on their Homecomings loan.  Plaintiffs have failed to identify a specific section of the FCRA Homecomings has violated.  Plaintiffs have not responded with evidence or

argument opposing dismissal of their FCRA claim.  Homecomings is entitled to dismissal of Count VIII as a matter of law.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390; Armengau, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).

### Count II - Wrongful Foreclosure

Plaintiffs allege that they have not defaulted on their mortgage, and it is "highly unlikely that [Homecomings] has the present ability to provide a record chain of title evidencing ownership of the mortgage[,]" and therefore a contemplated foreclosure is in violation of M.C.L. § 600.3204(1)(a).  Plaintiffs have admitted their default.  Complaint, ¶ 32, at 5.  Plaintiffs have not advanced evidence or argument challenging the Note, Rider, and Mortgage which reflect recording by "Liber" and "Page" numbers. Defendant's Exhibits 2, 3.  Homecomings is entitled to dismissal of Count II as a matter of law.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390; Armengau, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).

### Count IV - Predatory Lending

Plaintiffs rely on In re First Alliance Mortgage Co., 471 F.3d 977, 984 (9th Cir. 2006) and Associates Home Equity Services, Inc. v. Troup, 343 N.J. Super. 254, 778 A.2d 529 (Super. Ct. 2001) for the proposition that, "[a]lthough there is no case in Michigan that has analyzed one way or another whether "Predatory Lending" is a viable cause of action, based on the foregoing [discussion of In re First Alliance and Associates Home Equity, supra,], it should be."  Plaintiffs' Response Brief, at 9.  In re First Alliance was decided under California tort law governing aiding and abetting fraud.  In re First Alliance, 471 F.3d at 983.  Associates Home Equity was decided under New Jersey statutes known as the

Consumer Fraud Act and the Law Against Discrimination, as well as the federal Fair Housing Act and Civil Rights Act. <u>Associates Home Equity</u>, 343 N.J. Super. at 262. These cases do not support a finding that Michigan recognizes an independent claim of "predatory lending." Sitting in diversity, this court is required to decide an issue of state law as would the highest court of the state. <u>Combs v. International Ins. Co.</u>, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiffs have failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending." Homecomings is entitled to dismissal of Count IV as a matter of law. <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548; <u>Amway Distributors</u>, 323 F.3d at 390; <u>Armengau</u>, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).

### Count XI - Violation of M.C.L. § 445.1672 of the MBLSLA

Plaintiffs allege that Homecomings violated M.C.L. § 445.1672 by "failing to conduct business in accordance with law" and "[e]ngag[ing] in fraud, deceit or material misrepresentation[s][.]" Consistent with the court's finding that Homecomings is entitled to dismissal or summary judgment of plaintiffs' fraudulent misrepresentation and negligent misrepresentation claims, Homecomings is entitled to dismissal of Count XI as a matter of law. <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548; <u>Amway Distributors</u>, 323 F.3d at 390; <u>Armengau</u>, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).

### Count XII - Usury

Plaintiffs allege that Homecomings is liable for locking them "into a loan for collateral that could not be sold to redeem the value of money borrowed, and which [Homecomings] bore no risk of loss." The legal interest rate in Michigan is 7.0 percent. M.C.L. § 438.31. Laura Yaldoo's interest rate was 5.264%. Defendant's Exhibit 7. Count XII simply does

not allege an actionable claim of usury.  Plaintiffs have not advanced evidence or argument in opposition to dismissal or summary judgment of this claim.  Homecomings is entitled to dismissal of Count XII as a matter of law.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390; Armengau, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).

### Counts I, IX, X, and XIII - Accounting, Rescission, Reformation
### TRO/Preliminary Injunction

Plaintiffs' claims for an accounting, rescission, reformation, and injunctive relief are claims for equitable remedies for underlying unlawful conduct.  The court has determined that Homecomings is entitled to dismissal or summary judgment of plaintiffs' substantive claims.  Plaintiffs have not come forward with evidence or argument that they are otherwise entitled to these equitable remedies.  Homecomings is entitled to dismissal of Counts I, IX, X, and XIII as a matter of law.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Amway Distributors, 323 F.3d at 390; Armengau, 7 Fed. App'x. at 344; Fed. R. Civ. P. 56(f).

### V. Rule 11 Sanctions

Homecomings asks the court to impose Rule 11 sanctions under its own initiative pursuant to Federal Rule of Civil Procedure 11(c)(3).  Whether to impose sanctions under Rule 11(c)(3), and in what amount and type, is within the district court's discretion.  Edwards v. UAW National Ford Dept., 06-CV-13441, 2007 WL 2907360, at *3 (E.D. Mich. Aug. 16, 2007).  Monetary awards to the proponent of Rule 11 sanctions are disfavored.  Id.  Rather, a Rule 11 sanction should be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Id. (quoting Fed. R. Civ.

14

P. 11(c)(2)).  Stated differently, "Rule 11 is designed to promote deterrence rather than compensation."  Id.

The court previously ordered plaintiffs to show cause by July 6, 2009 why their claims should not be dismissed for failure to file a timely response to Homecomings' May 6, 2009 motion to dismiss.  The court found good cause for not dismissing plaintiffs' claims when plaintiffs' filed their response on July 8, 2009 and informed the court that the delay was due to inadvertence caused by an office move.  See July 13, 2009 Order.  The court does not find the two-day delay to be sanctionable conduct.

The court also does not find plaintiffs' factual arguments as advanced in their Response Brief to be sanctionable.  These "facts" were construed by the court as the facts as alleged in the Complaint.  While the documentary evidence proffered by Homecomings disputed the facts as alleged, plaintiffs' failure to respond with documentary evidence in opposition to Homecomings' motion resulted in the dismissal of plaintiffs' claims as alleged against Homecomings.  The court is not persuaded that unspecified sanctions would prove a greater deterrent.  The court, it its discretion, will deny Homecomings' request that the court impose sanctions under Rule 11(c)(3).  Edwards, 2007 WL 2907360, at *3.

## VII. Conclusion

Defendant Homecomings Financial, L.L.C.'s motion for dismissal or summary judgment is hereby GRANTED.  Plaintiffs Laura Yaldoo's and Ramzi Yaldoo's claims are hereby DISMISSED with prejudice in their entirety.  Homecomings' request that the court impose sanctions under Rule 11(c)(3) is hereby DENIED.

SO ORDERED.

Dated:  October 16, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 16, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---